UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA S. ALVAREZ,<br><br>              Petitioner,<br><br>     v.<br><br>D.K. JOHNSON, Warden,<br><br>              Respondent. | Civil No.   12-cv-0270-AJB (DHB)<br><br>**REPORT AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 13]** |

     Petitioner Maria S. Alvarez, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging the conviction and sentence imposed by the San Diego County Superior Court in case number SDC209081.  Respondent moves to dismiss the Petition asserting it is time barred pursuant to 28 U.S.C. § 2244(d).  [ECF No. 13.]  Petitioner did not file an Opposition.  After a thorough review of the pleadings and all supporting documents, the Court finds the Petition is statutorily barred by the expiration of the limitations period.  Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

## I. PROCEDURAL BACKGROUND

     On March 21, 2008, a jury convicted Petitioner of possessing methamphetamine for sale.  (First Amended Petition ("FAP") at 2, Attach. G; Lodgment No. 1.)  On April 28, 2008, the trial court sentenced Petitioner to a prison term of 6 years.  (*Id.*)  Petitioner appealed to the California Court of Appeals, which affirmed the judgment on February 17, 2009.  (Lodgment No. 1.)  Petitioner did not file a petition for

review in the California Supreme Court.

On June 8, 2009, Petitioner filed a state habeas petition in the California Court of Appeals. (Lodgment No. 2.) On June 16, 2009, the Court of Appeals denied the petition without prejudice so that it could be refiled in the Superior Court. (Lodgment No. 2.)

Petitioner filed her habeas petition in the San Diego Superior Court on January 12, 2010. (FAP, Attach. H at 2.) The petition was denied on March 2, 2010. (FAP, Attach. H.)

Petitioner filed a second petition for habeas corpus in the Court of Appeals on April 5, 2010. (Lodgment No. 3.) On May 18, 2010, the Court of Appeals denied the petition. (*Id.*)

On June 14, 2010, Petitioner filed a habeas petition in the California Supreme Court. (Lodgment No. 4.) On January 19, 2011, the California Supreme Court denied the petition. (*Id.*)

On January 24, 2012, Petitioner filed a federal Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) The Court dismissed the Petition for failure to use a court-approved form, failure to name a proper respondent, and failure to sign the Petition. (ECF No. 7.)

Petitioner then filed a First Amended Petition with this Court on April 20, 2012. (ECF No. 10.) Petitioner raises four grounds for relief: (1) ineffective assistance of counsel for failure to investigate whether an expert could have aided her defense; (2) ineffective assistance of counsel for failure to introduce evidence of medical condition; (3) the San Diego police violated her Fourth Amendment rights; and (4) she was not tried by a jury of her peers. (ECF No. 10.) Respondent filed the instant Motion to Dismiss on June 6, 2012. (ECF No. 13.) The Court granted Petitioner two extensions of time to file an Opposition. (*See* ECF Nos. 17, 18.) To date, Petitioner has not filed an Opposition.

## II. DISCUSSION

Respondent argues the Court should dismiss the Petition because it is time barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to an application for writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" under Section 2244(d)(1)(A) includes the 40-day period within which Petitioner could have sought review of her conviction in the state supreme court. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2001), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Furthermore, "the day of the act, event, or default from which the designated period of time begins to run shall not be included," but "the last day of the period shall be included." *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). As a result, the statute of limitations begins to run on the day after judgment becomes final and terminates on the last day of the period.

In this case, Petitioner did not seek review in the state supreme court, and her conviction became final on the last day she could have done so, March 30, 2009.[2] *Smith*, 297 F.3d at 813. Thus, absent any tolling, Petitioner had one year, until March 30, 2010 to file her federal petition. Petitioner filed the Petition on January 24, 2012, approximately two years and ten months after AEDPA's one-year statute of limitations expired. Therefore, the Petition is untimely unless AEDPA's statutory tolling provision or the doctrine of equitable tolling extend the filing deadline.

**A.     Statutory Tolling**

AEDPA's one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. 28 U.S.C.A. § 2244(d)(2). Specifically, AEDPA's statutory tolling provision provides:

> The time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(2) (emphasis added).

However, the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during

---

[1] Respondent does not argue, nor does this Court find, that Section 2244(d)(1)(B), (C) or (D) applies to the facts and procedural history of this case.

[2] Respondent states that Petitioner's conviction became final on March 29, 2009. (ECF No. 13 at 4.) However, March 29, 2009 fell on a Sunday. Therefore, the last day Petitoner could have filed a petition for review in the California Supreme Court was the following Monday, March 30, 2009. *See* Cal R. Ct. 8.500(e)(1); 8.810(a); Cal. Code of Civ. P. 12a (a).

that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008). Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge" as long as the petitions are properly filed. *Evans v. Chavis*, 546 U.S. 189 (2006); *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005). In California, there is no determinate time-frame for filing or appealing a habeas petition. *See Evans,* 546 U.S. at 192-193. A filing is considered timely if done within a "reasonable" time. *Id.* Moreover, a petitioner need not restrict his filing in a higher court to an appeal of the lower court's decision. Under California law, the superior court, courts of appeal, and state supreme court each have original jurisdiction to review a petition for writ of habeas corpus. Cal. Const. Art. VI § 10. Thus, a petitioner can file an original petition in both the Court of Appeals and California Supreme Court without first seeking review in a lower court. "[A]s long as [a] prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans*, 546 U.S at 193. If, however, the petitioner "unreasonably" delays in seeking review from the California Supreme Court the period between the lower court denial and filing in the California Supreme Court is not tolled. *Carey v. Saffold,* 536 U.S.214, 225 (2002).

Here, Petitioner filed her first state habeas petition in the California Court of Appeals on June 8, 2009. (Lodgment No. 2.) The AEDPA's one year statute of limitations was not tolled during the 70 day period between the end of Petitioner's direct appeal on March 30, 2009, and Petitioner's first state collateral challenge on June 8, 2009. *Nino*, 183 F.3d at 1006. Thus, Petitioner had 295 days left to file her federal habeas petition once she finished the state collateral review process. The Court of Appeals denied Petitioner's first habeas petition on June 16, 2009, and indicated the petition could be refiled in the Superior Court. (Lodgment No. 2.) Nearly seven months (210 days) later, on January 12, 2010, Petitioner filed her habeas petition in the San Diego County Superior Court. (FAP, Attach. H at 2.) The Superior Court denied the petition on the merits on March 2, 2010. (FAP, Attach. H.) Respondent contends that Petitioner is not entitled to tolling for the period between the Court of Appeals' denial of the petition and the refiling of the petition in the Superior Court because the latter petition was not timely filed.

The fact that the Court of Appeals reached the merits of the petition "does not *automatically*

indicate that the petition was timely filed." *Evans*, 546 U.S. at 197 (emphasis in original). Therefore, the Court must make an independent determination whether the near seven month delay was "unreasonable." *Id.*

In *Evans*, the Supreme Court indicated that a delay of six months is unreasonable. The Court stated "[s]ix months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. . . . We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" *Evans*, 546 U.S. at 201. In light of the Supreme Court's comments in *Evans*, the Court finds the unexplained delay of nearly seven months is not reasonable. *See e.g. Culver v. Director of Corrections*, 540 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (finding a delay of 71 days and 97 days was unreasonable). Consequently, the period between the Court of Appeals denial of petitioner's first petition and the refiling of the petition in the Superior Court, was not tolled.[3] *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) ("tolling under section 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards.") The statute of limitations clock thus started again as soon as the Court of Appeals denied Petitioner's first habeas petition on June 16, 2009. Therefore, when Petitioner refiled her habeas petition in the Superior Court on January 12, 2010, an additional 210 days had lapsed against the one-year federal statute of limitations period, leaving Petitioner with 85 days to file her federal habeas petition once she completed the state collateral review process.

On March 2, 2010, the Superior Court denied her petition. (FAP, Attach. H.) Then 34 days later, on April 5, 2010, Petitioner filed a second habeas petition in the Court of Appeals. (Lodgment No. 3.) The Court finds the 34 day delay is reasonable, and therefore the statute of limitations was tolled during that period. On May 18, 2010, the Court of Appeals denied the Petition. (*Id.*) Twenty seven days later, on June 14, 2010, Petitioner filed a habeas petition in the California Supreme Court. (Lodgment No. 4.) The Court finds the 27 day delay is also reasonable and thus, the statute of limitations was tolled during that

---

[3]The Court notes that even if the statute of limitations was tolled during the 210 day delay, the Petition would still be time barred. Assuming the entire period from when Petitioner filed her first habeas petition in the Court of Appeals on June 8, 2009, until California Supreme Court's denial of her second petition on January 19, 2011 was tolled, Petitioner would have had 295 days left to file her federal petition. However, Petitioner filed the Petition 370 days later, 75 days after the statutory period expired.

period as well.  Accordingly, the statute of limitations did not start running again until the California Supreme Court denied the second habeas petition on January 19, 2011.  At that point, Petitioner still had 85 days to file her federal petition.  Petitioner filed the Petition 370 days later, on January 24, 2012.  Thus, the Petition is untimely unless petitioner is entitled to equitable tolling.

**B.     Equitable Tolling**

"AEDPA's statute of limitations provision is subject to equitable tolling."  *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).  However, the Court's determination "whether there are grounds for equitable tolling [is] highly fact-dependent."  *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). To be entitled to equitable tolling, Petitioner must demonstrate some extraordinary circumstance stood in her way of timely filing, and she has been pursuing her rights diligently.  *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).  Furthermore, equitable tolling will be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond her control were the proximate cause of her untimeliness, rather than merely a lack of diligence on her part.  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

Petitioner has not filed any document requesting equitable tolling or otherwise demonstrating she would be entitled to equitable tolling.  Accordingly, the Court finds equitable tolling is not warranted in this case.

## III. CONCLUSION

After a through review of the record in this matter and based on the foregoing analysis, the Court **HEREBY RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

The Court submits this Report and Recommendation to United States District Judge Anthony J. Battaglia under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(d) of the United States District Court for the Southern District of California.

**IT IS HEREBY ORDERED** no later than **December 19, 2012**  any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than fourteen (14) days after being served with the objections.  The parties are

advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  November 19, 2012

_____
DAVID H. BARTICK
United States Magistrate Judge